**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

ROBERT E. ALLEN,
101 Dover Place
Stafford, VA 02556,

LUIS A. RODRIGUEZ-SOTO,
8960 Cherry Lane
Laurel, MD 20708,

STEVEN SMALLWOOD,
207 Graiden Street
Upper Marlboro, MD 20774,

ANTHONY T. GREEN,
9906 Robstown Place
Waldorf, MD 20603,

TYWAN SINGLETON,
10250 Hickory Ridge Road
Columbia, MD 21044,

RONALD WILSON,
4976 Derry Field Court
Waldorf, MD 20602,

WILLIAM NESBITT
1201 Port Echola
Bowie, MD 20716,

COREY POWELL,
8203 Connors Lane
Millersville, MD 21108,

WALTER PITTMAN
12906 Cheltenham Place
Bradywine, MD 20613,

GARY E. POINDEXTER
2809 Quarry Heights Way
Baltimore, MD 21209,

JOSHUA J. STARLEPER
616 Grundy Street

Case No.: <u>15-CV-00969</u>

Baltimore, MD 21224,                    |
                                        |
THOMAS REGO                             |
10378 Chamberlin Court East             |
Waldorf, MD 20601,                      |
                                        |
CYNTHIA WARREN,                         |
8024 Heavenly Valley Drive              |
Richmond, VA 23231,                     |
                                        |
TOMMIE R. BOOZER                        |
4 Regalia Court, Apt. A                 |
Owings Mills, MD 21117,                 |
                                        |
THOMAS DIXON,                           |
6722 Hawthorne Street                   |
Landover, MD 20785,                     |
                                        |
WALTER C. BRYAN,                        |
4803 Reston Lane                        |
Bowie, MD 20715,                        |
                                        |
TYRONE F. TUCKER,                       |
1931 Musket Road, Apt. C                |
New News, VA 23602,                     |
                                        |
GARY R. SMALLWOOD,                      |
9209 Heather Ridge Court                |
Lorton, VA 22079,                       |
                                        |
KEVIN LEE PRICE,                        |
3424 Dodge Park Road, Apt. 202          |
Landover, MD 20785,                     |
                                        |
GAYLEN HAWKINS,                         |
6305 Pennsylvania Avenue                |
District Heights, MD 20747,             |
                                        |
MARLON HOLDER,                          |
1301 Glenwood Avenue                    |
Baltimore, MD 21238,                    |
                                        |
RICARDO WILKINS,                        |
510 15th Street, N.E.                   |
Washington, D.C. 20002,                 |
                                        |

MYRON JETER,                                    |
14901 Clementown Road                           |
Amelia Courthouse, VA 23002                     |
                                                |
DENISE GLENN GENTRY,                            |
12142 Pawtuckett Lane                           |
Waldorf, MD 20602,                              |
                                                |
On Behalf of Themselves and All Others          |
Similarly Situated,                             |
                                                |
       Plaintiffs, |
                                                |
VS.                                             |
                                                |
JERRY BROWN,                                    |
50 Irving Street NW                             |
Washington D.C. 20422                           |
                                                |
BRIAN HAWKINS,                                  |
50 Irving Street NW                             |
Washington D.C. 20422                           |
                                                |
JOHNSON CONTROLS, INC.                          |
5757 N. Green Bay Avenue                        |
Milwaukee, WI 53201,                            |
                                                |
and                                             |
ROBERT A. MCDONALD as                           |
SECRETARY, U.S. DEPARTMENT OF                   |
VETERANS AFFAIRS,                               |
810 Vermont Avenue NW                           |
Washington, D.C. 20420                          |
                                                |
       Defendants. |
_____|

## COMPLAINT

       Plaintiffs Robert Allen, Luis A. Rodriguez-Soto, Steven Smallwood, Anthony T.

Green, Tywan Singleton, Ronald Wilson, William Nesbitt, Corey Powell, Walter

Pittman, Gary E. Poindexter, Joshua J. Starleper, Thomas Rego, Cynthia Warren,

Tommie R. Boozer, Thomas Dixon, Walter C. Bryan, Tyrone F. Tucker, Gary R.

Smallwood, Kevin Lee Price, Gaylen Hawkins, Marlon Holder, Ricardo Wilkins, Myron Jeter, and Denise Glenn Gentry, (herein collectively referred to as "Named Plaintiffs"), on behalf of themselves and all other similarly situated herein submit their Complaint for violation of 18 U.S.C. §§ 2510, *et seq.* (the Omnibus Crime Control and Safe Streets Act), as well as D.C. Code § 23-542, *et seq.* and the Fourth Amendment to the U.S Constitution  against Jerry Brown, Brian Hawkins, Johson Controls, Inc., and Robert A. McDonald as Secretary of the U.S. Department of Veterans Affairs.  Plaintiffs seek damages, punitive damages, attorneys' fees and costs pursuant to these statutes.

## SUMMARY

Named Plaintiffs on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), bring this action to enforce their rights under Federal and State wiretapping laws.  Defendant Jerry Brown, surreptitiously had installed video and audio recording devices through the workplace of Plaintiffs' without just cause, warrant, or any exception under the statutes in violation of the Omnibus Crime Control and Safe Streets Act or the Fourth Amendment to the U.S. Constitution. To get permission to install these devices, Defendant Brown, an employee and agent of the U.S. Department of Veterans Affairs, conspired with Defendant Brian Hawkins, who is not a law enforcement officer. To install these recording devices, Defendant Brown conspired with Johnson Controls Inc. to have the recording devices installed without any legal justification.  Defendant Brown then acted on the information he recorded through the use of these recording devices to discipline employees, including termination and to create an atmosphere of utter distrust amongst all employees.  Named Plaintiffs seek class certification to ensure the rights of all individuals illegally recorded by Defendant Brown and the appropriate

damages under the law. Moreover, Named Plaintiff's seek damages for violations of the

Fourth Amendment to the U.S. Constitution against the U.S. Department of Veterans

Affairs.

## PARTIES AND JURISDICTION

1.      Named Plaintiff Robert E. Allen works for the U.S. Department of

Veterans Affairs under the command of Defendant Brown and is stationed at the

Veterans Affairs Medical Center located at 50 Irving Street NW, Washington D.C.

20422.

2.      Named Plaintiff Luis A. Luis A. Rodriguez-Soto works for the U.S.

Department of Veterans Affairs under the command of Defendant Brown and is stationed

at the Veterans Affairs Medical Center located at 50 Irving Street NW, Washington D.C.

20422.

3.      Named Plaintiff Steven Smallwood works for the U.S. Department of

Veterans Affairs under the command of Defendant Brown and is stationed at the

Veterans Affairs Medical Center located at 50 Irving Street NW, Washington D.C.

20422.

4.      Named Plaintiff Anthony T. Green works for the U.S. Department of

Veterans Affairs under the command of Defendant Brown and is stationed at the

Veterans Affairs Medical Center located at 50 Irving Street NW, Washington D.C.

20422.

5.      Named Plaintiff Tywan Singleton works for the U.S. Department of

Veterans Affairs under the command of Defendant Brown and is stationed at the

Veterans Affairs Medical Center located at 50 Irving Street NW, Washington D.C. 20422.

6. Named Plaintiff Ronald Wilson works for the U.S. Department of Veterans Affairs under the command of Defendant Brown and is stationed at the Veterans Affairs Medical Center located at 50 Irving Street NW, Washington D.C. 20422.

7. Named Plaintiff William Nesbitt works for the U.S. Department of Veterans Affairs under the command of Defendant Brown and is stationed at the Veterans Affairs Medical Center located at 50 Irving Street NW, Washington D.C. 20422.

8. Named Plaintiff Corey Powell works for the U.S. Department of Veterans Affairs under the command of Defendant Brown and is stationed at the Veterans Affairs Medical Center located at 50 Irving Street NW, Washington D.C. 20422.

9. Named Plaintiff Walter Pittman works for the U.S. Department of Veterans Affairs under the command of Defendant Brown and is stationed at the Veterans Affairs Medical Center located at 50 Irving Street NW, Washington D.C. 20422.

10. Named Plaintiff Gary E. Poindexter works for the U.S. Department of Veterans Affairs under the command of Defendant Brown and is stationed at the Veterans Affairs Medical Center located at 50 Irving Street NW, Washington D.C. 20422.

11. Named Plaintiff Joshua J. Starleper works for the U.S. Department of Veterans Affairs under the command of Defendant Brown and is stationed at the

Veterans Affairs Medical Center located at 50 Irving Street NW, Washington D.C. 20422.

12.     Named Plaintiff Thomas Rego works for the U.S. Department of Veterans Affairs under the command of Defendant Brown and is stationed at the Veterans Affairs Medical Center located at 50 Irving Street NW, Washington D.C. 20422.

13.     Named Plaintiff Cynthia Warren works for the U.S. Department of Veterans Affairs under the command of Defendant Brown and is stationed at the Veterans Affairs Medical Center located at 50 Irving Street NW, Washington D.C. 20422.

14.     Named Plaintiff Tommie R. Boozer works for the U.S. Department of Veterans Affairs under the command of Defendant Brown and is stationed at the Veterans Affairs Medical Center located at 50 Irving Street NW, Washington D.C. 20422.

15.     Named Plaintiff Thomas Dixon works for the U.S. Department of Veterans Affairs under the command of Defendant Brown and is stationed at the Veterans Affairs Medical Center located at 50 Irving Street NW, Washington D.C. 20422.

16.     Named Plaintiff Walter C. Bryan works for the U.S. Department of Veterans Affairs under the command of Defendant Brown and is stationed at the Veterans Affairs Medical Center located at 50 Irving Street NW, Washington D.C. 20422.

17.     Named Plaintiff Tyrone F. Tucker works for the U.S. Department of Veterans Affairs under the command of Defendant Brown and is stationed at the

Veterans Affairs Medical Center located at 50 Irving Street NW, Washington D.C. 20422.

18.     Named Plaintiff Gary R. Smallwood works for the U.S. Department of Veterans Affairs under the command of Defendant Brown and is stationed at the Veterans Affairs Medical Center located at 50 Irving Street NW, Washington D.C. 20422.

19.     Named Plaintiff Kevin Lee Price works for the U.S. Department of Veterans Affairs under the command of Defendant Brown and is stationed at the Veterans Affairs Medical Center located at 50 Irving Street NW, Washington D.C. 20422.

20.     Named Plaintiff Gaylen Hawkins works for the U.S. Department of Veterans Affairs under the command of Defendant Brown and is stationed at the Veterans Affairs Medical Center located at 50 Irving Street NW, Washington D.C. 20422.

21.     Named Plaintiff Marlon Holder works for the U.S. Department of Veterans Affairs under the command of Defendant Brown and is stationed at the Veterans Affairs Medical Center located at 50 Irving Street NW, Washington D.C. 20422.

22.     Named Plaintiff Ricardo Wilkins works for the U.S. Department of Veterans Affairs under the command of Defendant Brown and is stationed at the Veterans Affairs Medical Center located at 50 Irving Street NW, Washington D.C. 20422.

23.     Named Plaintiff Myron Jeter works for the U.S. Department of Veterans Affairs under the command of Defendant Brown and is stationed at the Veterans Affairs Medical Center located at 50 Irving Street NW, Washington D.C. 20422.

24.     Named Plaintiff Denise Glenn Gentry works for the U.S. Department of Veterans Affairs under the command of Defendant Brown and is stationed at the Veterans Affairs Medical Center located at 50 Irving Street NW, Washington D.C. 20422.

25.     The putative class consists of the following:

> All employees of the Department of Veterans Affairs Medical Center located at 50 Irving Street NW, Washington D.C. 20422 whose conversations or activities were recorded without their knowledge or permission from the dates of May 29, 2013 to the conclusion of this litigation.

26.     Defendant Jerry Brown is the Chief of Police Service with the U.S. Department of Veterans Affairs and is stationed at the Veterans Affairs Medical Center located at 50 Irving Street NW, Washington D.C. 20422.  Defendant Brown is the direct manager of police services overseeing all Named Plaintiffs.

27.     Defendant Brian Hawkins is the Medical Center Director and is the director of the medical center located at 50 Irving Street NW, Washington D.C. 20422.

28.     Defendant Johnson Controls, Inc. is a corporation based in Milwaukee, Wisconsin who, in part, installs audio and video listening devices for U.S. Federal agencies.

29.     Defendant Robert A. McDonald is the Secretary of the U.S. Department of Veterans Affairs.

30.     Jurisdiction is properly before this Court pursuant to 28 U.S.C. § 1331, as this matter seeks redress under Federal statute.

31.     Venue is properly before this Court pursuant to 28 U.S.C. § 1391 as all the events giving rise to Plaintiffs' claims occurred in the District of Columbia.

**FACTS**

32.     Named Plaintiffs are or were police officers with the U.S. Department of Veterans affairs within the two years prior to filing this action.

33.     In October of 2013, Defendant Brown conspired with Defendant Hawkins to have installed surveillance cameras in various locations through the private areas of the Department of Veterans Affairs Medical Facility located at 50 Irving Street NW, Washington D.C. 20422 (the "Medical Facility").

34.     In November of 2013, an employee of Johnson Controls, Inc. named Gordon Johnston installed a hidden camera and microphone unit in the Police Control Room identified as Room 1E200.

35.     Room 1E200 is used primarily the Police Control room.

36.     Throughout the course of the day, every Police Officer, and each of the Named Plaintiffs spends some time in room 1E200.

37.     Other individuals have access to Room 1E200 such as cleaning staff, other staff members, various staff members, various contractors, and patients of the medical facility.

38.     On January 19, 2014, Sergeant Gentry informed various offices that Defendant Brown might have secret cameras installed and may be monitoring their activities.

39.     On January 24, 2014, various officers found a camera with a microphone covertly mounted on a support bracket for the CCTV monitors with a microphone hidden behind the monitors.  While the camera and microphone had indicator lights, those lights were covered with black electric tape.  When the camera was found, an officer covered the microphone portion of the camera while the officers present discussed what to do about the camera and microphone.

40.     During the conversation on January 24, 2014, after the officers covered the microphone, Defendant Brown entered Room 1E200 demanding to know what the officers were doing in the room and ordered all attending officers to draft statements regarding what was happening in the control room.

41.     Defendant Brown's entered the room and engaged in the conduct described in the preceding paragraph immediately upon the microphone with the hidden camera being disabled.

42.     In March of 2014, another hidden camera and microphone was found in Room 1E229H.

43.     Room 1E229H is used for a variety of purposes including for Police Officers to write reports, an alternate break room.  Each of the Named Plaintiffs and the putative class members spend time in Room 1E229H on a daily basis.

44.     On March 22, 2014, the footage and audio recording of this camera was used by Defendant Brown to administer discipline against Plaintiff Rodriguez-Soto, which included a two-week suspension without pay.

45.     In January of 2015, another camera and microphone was found in Room 1E229B, the Watch Commanders office.

46.     Room 1E229B is used, in part, as a changing room for both male and female officers.

47.     To the best of the Named Plaintiff's knowledge, these cameras remain in use as of the filing of this action.

48.     Upon information and belief, the video and audio feeds from these cameras are delivered on a real-time basis to Defendant Brown's office where they are recorded.

49.     Section 6(b)(1) on page 25 of the VA Handbook states:

> The use of body microphones and recording devices are authorized for investigative purposes only.  This use must be authorized by the Deputy Assistant Secretary for Security and Law Enforcement.

50.     Upon information and belief, the Deputy Assistant Secretary for Security and Law Enforcement did not authorize the use of microphones or recording devices for the purposes of recording Department of Veterans Affairs personnel at the Medical Center.

51.     Section 6(b)(2) on page 25 of the VA Handbook states:

> Use of any device to overhear or record conversations without the participants' consent must be accomplished in accordance with the U.S. Attorney General's guidelines on communication interception by Federal law enforcement personnel.

52.     Upon information and belief, Defendant Brown made no attempt to install the recording devices used to record VA Affairs personnel in accordance with the U.S. Attorney General's Guidelines.

53.     Section 6(b)(3) on page 25 of the VA Handbook states:  "[t]he use of recording devices is not authorized for the routine taping of conversations during patrol and other duty activities."

54.     Defendant Brown, as a law enforcement officer, knew or showed reckless disregard for the facts as to whether the installation of audio and video recording devices in break rooms, changing rooms, and subordinates offices without a warrant, permission from the relevant Secretary, or guidance from the United States Attorney General was illegal.

55.     Defendant Hawkins, conspired with Defendant Brown to have the audio and video recording devices installed in violation of Plaintiffs' rights.

56.     Defendant Brown sought permission from Defendant Hawkins to install the cameras and microphones.  Defendant Hawkins gave permission to Defendant Brown.

57.     Defendant Johnson Controls, who is in the business of installing hidden audio and video equipment knew or showed reckless disregard for the facts as to whether the installation of audio and video recording devices in break rooms, changing rooms, and subordinates offices without a warrant, permission from the relevant Secretary, or guidance from the United States Attorney General was illegal when the Corporations employee installed those audio and video recording devices without a warrant or other evidence that would permit their legal use.

58.     Plaintiffs had a reasonable expectation of privacy in the break rooms, changing rooms and offices where the audio and video recording devices were installed. For example, individuals in the monitored rooms could stop talking when other

individuals entered the rooms.  Office doors could be closed to prevent individuals from

outside the office from overhearing conversations.  Officers could find other rooms to

change in.

59.     However, Named Plaintiffs and the putative class members were deprived

of these options to safeguard Plaintiffs' privacy by Defendants' surreptitious and

unlawful recording of Plaintiffs every word and action.

60.     Despite this expectation of privacy, Defendant Brown made audio and

video recordings of all personnel who utilized these rooms and acted on those recordings

in disciplinary matters.

61.     Named Plaintiffs suspect the existence of other audio and video recording

devices.

62.     The true extent of Defendants' actions in recording every VA employee at

the Medical Center can only be determined by discovery in this matter.

## CLASS ACTION ALLEGATIONS

63.     Plaintiffs incorporate Paragraphs 1-62 as if fully set forth herein.

64.     Plaintiffs Complaint satisfies the requirements for a class action pursuant

to Fed. R. Civ. P. 23.

65.     The class is so numerous that joinder of all members is impracticable.

66.     In the two years prior to the filing of this action, literally dozens of

employees of the Department of Veterans Affairs have used the rooms where the

undisclosed recording equipment was maintained.  These include Police Officers,

cleaning staff, doctors, nurses, and maintenance personnel.  The class, therefore, could

potentially involve more than 100 employees.

67.     The Named Plaintiffs and putative class members are all subject to the same facts and law.  Named Plaintiffs contend that Defendants' conspired and did act under that conspiracy to knowingly record the Named Plaintiffs' and putative class members actions and conversations through the use of hidden audio and video recording devices without legal justification in violation of 18 U.S.C. §§ 2510, *et seq.* (the Omnibus Crime Control and Safe Streets Act), as well as D.C. Code § 23-542, *et seq.*

68.     The claims and defenses of the representative parties are the exact same as the claims and defenses of the class.  Indeed, as indicated above the Named Plaintiffs and putative class members were all subject to the same illegal actions taken by Defendants such as all the claims and defenses of each individual Named Plaintiff and each individual class member are identical and each defense and claim of each Defendant is identical.

69.     The representative parties will fairly and adequately protect the interests of the class.  The Named Plaintiffs have notice of their obligations as class representatives and are satisfied they can act in the interest of the class as a whole.

70.     Prosecuting separate actions by class members would create a risk of inconsistent or varying adjudications of dozens of individuals.  Such inconsistencies would establish incompatible standards of conduct for Defendants.

71.     The questions of law and fact common to class members predominates over any questions affecting only individuals members.  As such, a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

72.     Indeed, as the unregulated recording devices were each placed in a fixed location recording all persons, indiscriminately, who entered those locations, each class

member's claims and each defense raised by Defendant are applicable to all others Defendant Brown illegally recorded through the same methods.

73.     Therefore, class certification not only is applicable in this matter, but is also the most efficient manner of adjudicating these issues.

74.     Class certification is also proper in that many of those whose rights Defendants violated may not be aware of the existence of the hidden cameras and microphones.  Class certification would also permit the adjudication of the rights of those employees whom Defendants' violated by secretly recording them.

## CAUSES OF ACTION

### COUNT 1 - For violation of 18 U.S.C. §§ 2510, *et seq.*
### (the Omnibus Crime Control and Safe Streets Act)
### Defendants Brown, Hawkins, and Johnson Controls

75.     Plaintiffs incorporate Paragraphs 1-74 as if fully set forth herein.

76.     Defendants jointly conspired to install video and audio surveillance equipment to secretly record conversations and conduct at the Medical Center.

77.     Defendant Brown used that recorded information to discipline, terminate, and terrorize employees at the Medical Center.

78.     Defendants actions were not justified by any Court, or law enforcement agency and do not conform to any of the exceptions provided by 18 U.S.C. § 2511(2).

WHEREFORE, Plaintiffs seek statutory damages from Defendants jointly and severally amounting to the greater of $100 per day for each employee recorded or $10,000.00 for each employee, attorneys' fees, and the costs of this action.

16

**COUNT 2 – Violation of D.C. Code § 23-542, *et seq***
**Defendants Brown, Hawkins, and Johnson Controls**

79.     Plaintiffs incorporate Paragraphs 1-78 as if fully set forth herein.

80.     Defendants willfully intercepted oral communications between employees of the Veterans Affairs Medical Center.

81.     Defendants' actions were not legally justified and do not establish any of the exceptions as set out in D.C. Code § 23-542(b).

82.     Defendant Brown utilized the unlawfully intercepted oral communications to discipline, terminate, and terrorize employees at the Medical Center.

WHEREFORE, Plaintiffs seek statutory damages from Defendants jointly and severally amounting to the greater of $100 per day for each employee recorded or $1,000.00 for each employee, punitive damages, attorneys' fees, and the costs of this action.

**COUNT 3 – Conspiracy**
**Defendants Brown, Hawkins, and Johnson Controls**

83.     Plaintiffs incorporate Paragraphs 1-82 as if fully set forth herein.

84.     Defendant Brown, Hawkins, and Johnson Controls Inc. entered into a conspiracy wherein Defendant Hawkins gave Defendant Brown permission to illegally install hidden cameras and microphones in the Medical Center, and Defendant Johnson Controls Inc. installed those devices knowing it was illegal to do so.

85.     Each conspirator participated in the conspiracy as indicated above.

86.     Defendant Hawkins took steps to engage in the conspiracy by giving permission to install the illegal devices.

87.     Defendant Brown took steps to engage in the conspiracy by seeking permission from Defendant Hawkins, ordering Defendant Johnson Controls to install the illegal devices, and monitoring the devices and utilizing the data collected from the devices against employees of the Medical Center.

88.     Defendant Johnson Controls took steps to further the conspiracy by installing the illegal devices without a warrant or other evidence that the installation of video and audio recording devices in the workplace was legally justified.

WHEREFORE, Plaintiffs seek damages as indicated in Counts One and Two against each Defendant jointly and severally.

## COUNT 4 – 4th Amendment of the U.S. Constitution (*Bivens*)
## Defendant Brown

89.     Plaintiffs incorporate Paragraphs 1-88 as if fully set forth herein.

90.     The 4th Amendment of the U.S. Constitution guarantees the Named Plaintiffs right to be free from unlawful searches and seizures.

91.     Upon information and belief, Defendant Brown did not have a warrant or any other legal justification for the installation of hidden cameras and microphones in the working areas of the Department of Veterans Affairs Medical Center.

92.     Named Plaintiffs seek money damages for personal injury, including disciplinary steps taken against Named Plaintiffs as a result of the unlawful surveillance which resulted in the loss of benefits and/or wages.

93.     Named Plaintiffs' harm was caused by the wrongful acts of Defendant Brown while Defendant Brown was acting within the scope of his employment as an agent of the Department of Veterans Affairs.

94.     A private person who engaged in such covert surveillance of individuals including audio and video recording without permission would be liable pursuant to 18 U.S.C. §§ 2510, *et seq.* (the Omnibus Crime Control and Safe Streets Act), as well as D.C. Code § 23-542, *et seq.*

95.     Upon information and belief, Defendant Brown sought permission to have the surveillance equipment installed but was denied.

WHEREFORE, Named Plaintiffs seek all damages available including money damages, attorneys' fees, and costs.

### Count V – Federal Tort Claims Act
### Robert A. McDonald as Secretary of the U.S. Department of Veterans Affairs

96.     Plaintiffs incorporate Paragraphs 1-95 as if fully set forth herein.

97.     Several of the Named Plaintiffs presented the claim regarding the hidden cameras and microphones to the Department of Veterans Affairs on or about January 29, 2014.  It has been longer than six months since the claim was filed and the agency has failed to make a final disposition of the claims brought.

98.     The Department of Veterans Affairs is liable for the acts and omissions of Defendant Brown pursuant to the Federal Tort Claims Act.

WHEREFORE, Plaintiffs respectfully request that this Court:

1.     Declare Defendants conduct to be unlawful

2.     Award Plaintiffs compensatory and punitive damages in an amount to be determined at trial;

3.     Grant Plaintiff an award of attorneys fees and other litigation costs reasonably incurred in this action;

4.      Order the expungement of all employee records wherein any employee of

the Department of Veterans Affairs Medical Center was disciplined as a

result of the hidden cameras and microphones;

5.      Grant Plaintiff such other and further relief which the Court deems proper.


Respectfully submitted,


/s/_____
Ken C. Gauvey
Bar No.  982088
The Law Practice of Ken C. Gauvey, LLC
4334 Farragut Street
Suite I
Hyattsville, MD  20781
Phone: 410-346-2377
Fax:    866-487-1154
Email: kgauvey@gauveylaw.com

*Counsel for Plaintiffs*